```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LINO TEXIDOR,
                              Plaintiff(s),
                                                            Civil Case No: 1:18-CV-1581
         -against-
                                                            COMPLAINT

THE CITY OF NEW YORK, DEPARTMENT OF POLICE                  Plaintiff demand trial by jury
OF THE CITY OF NEW YORK, KATE SIMON and
RYAN GLASSER,

                              Defendant(s).
-----------------------------------------------------------------X
```

PLAINTIFF, LINO TEXIDOR, by his attorney, DAVID KRAVETZ, ESQ. for his complaint allege as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff, LINO TEXIDOR seek damages to redress the deprivation, under color of state law, of rights secured to them under the Fourth and Fourteenth amendments of the United States Constitution. On or about September 30, 2015, LINO TEXIDOR were unlawfully arrested and imprisoned by Defendants, THE CITY OF NEW YORK, DEPARTMENT OF POLICE OF THE CITY NEW YORK, New York City Police Officers KATE SIMON (Tax #945006) and RYAN GLASSER (Tax #949034).

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. Section 1983, and by 28 U.S.C. Section 1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over the Plaintiffs' state law claims.

## III. PARTIES

3. LINO TEXIDOR resides at 23-28 102nd Street, East Elmhurst, New York 11369.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, and the public employer of the officers involved herein.

5. At all relevant times hereto, Defendant DEPARTMENT OF POLICE OF THE CITY OF NEW YORK was an agency and/or subdivision of the Defendant CITY.

6. At all relevant times hereto, Defendant New York City Police Officers KATE SIMON and RYAN GLASSER were and still are police officers of the DEPARTMENT OF POLICE OF THE CITY OF NEW YORK, acting in that capacity as agents, servants, and/or employees of Defendant CITY.

## IV. FACTS

7. Upon information and belief, the incident began on or about September 30, 2015 at approximately 9:00 P.M. at a one family premises, 23-28 102nd Street, East Elmhurst, County of Queens, City and State of New York.

8. At the aforesaid time and place, Plaintiff, who was a lawful occupant at 23-28 102nd Street, East Elmhurst, New York, was unlawfully arrested and imprisoned by Police Officers KATE SIMON and RYAN GLASSER, members of the New York City Police Department assigned to the 115th precinct.

9. Plaintiff was unlawfully arrested on September 30, 2015, charged with violation PL 120.05-3, Assault in the Second Degree, PL 120.00-1, Assault in the Third Degree, PL 195.05, Obstructing Governmental Administration in the Second Degree, PL 205.30, Resisting

Arrest, PL 215.50-3, Criminal Contempt in the Second Degree and confined to Rikers Island Prison Facility for a period commencing September 30, 2015 and released on April 4, 2017 after trial.

10. That on April 3, 2017, Plaintiff was tried before the Honorable D. Modica, Supreme Court of the State of New York Queens County and was found not guilty of all criminal charges and pursuant to Section 160.60 of the Criminal Procedure Law, the arrest and prosecution was deemed a nullity and pursuant to Section 160.50 (1c) of the Criminal Procedure Law, all official records and papers relating to this case was sealed.

11. Plaintiff were unlawfully confined to Rikers Island Prison Facility from September 30, 2015 to April 4, 2017, without his consent before being released.

12. At all times during his arrest and imprisonment, LINO TEXIDOR experienced shock, anxiety, heart palpitations, shame and embarrassment.

13. LINO TEXIDOR was caused to suffer traumatic stress, post-traumatic stress disorder, loss of reputation, defamation of character, loss of earnings, mental anguish, shame and humiliation.

14. That prior to commencement of this action and within ninety (90) days of the occurrence herein, a notice of claim in writing was served on behalf of LINO TEXIDOR, upon THE CITY OF NEW YORK and DEPARTMENT OF POLICE OF THE CITY OF NEW YORK, in accordance with Section 50-e of the New York General Municipal Law. The statute of limitations from the date of arrest was tolled for the period September 30, 2015 until April 4, 2017 due to the confinement of Plaintiff at the Rikers Island Prison Facility and as a result of his confinement, the tolling of the statute of limitation was tolled for that period. The notice of claim filed by Plaintiff on June 22, 2017 and acknowledged by THE CITY OF NEW YORK, was served within the appropriate period of time in accordance with Section

50-e of the New York General Municipal Law.

15. That the Plaintiff has complied with all of the conditions precedent to the bringing of this action, and has complied with all the provisions of the Charter of the City of New York in relation thereto, and in particular, Plaintiff has presented a written notice of claim concerning the above-named Plaintiff to the Comptroller of the City of New York for adjustment, and more than thirty (30) days have elapsed since the presentation of such notice; and such claim remains unadjusted; and said Comptroller has neglected or refused to make any adjustment or payment thereof. That Plaintiff has, prior to the commencement of this action, and within ninety (90) days after his respective claim herein before described arose, duly served upon the Comptroller a verified notice of claim and intention to sue upon the claim hereinbefore mentioned, setting forth the name and post office address of the Plaintiff, the nature of his respective claims, the time when, the place where, and the manner in which the said claim arose, and the injuries and damages sustained insofar as they were then practicable; and that this action was commenced within the time limited for the commencement thereof.

16. Although more than thirty (30) days have elapsed since service of such notices of claim, THE CITY OF NEW YORK neglected and has refused to pay said claims or adjust same.

17. That this action is commenced within one (1) year and ninety (90) days from the date of the occurrence herein as a result of the tolling of the statute of limitations.

## V. FIRST CAUSE OF ACTION

18. Paragraphs "1" through "17" are hereby realleged and incorporated by reference herein.

19. Defendants had no justification for arresting LINO TEXIDOR and no probable or legal cause or excuse to detain and seize the person of LINO TEXIDOR.

20. That the seizure, detention and imprisonment of LINO TEXIDOR was unlawful.

21. That Defendants intended to confine LINO TEXIDOR.

22. That LINO TEXIDOR was conscious of the confinement and did not consent to the confinement.

23. That the Plaintiff's confinement by Defendants were not otherwise privileged.

24. By reason of Defendants' acts and omissions, Defendants, Police Officers KATE SIMON, RYAN GLASSER and its agents, servants and employees, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of LINO TEXIDOR'S rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the Laws of the State of New York.

25. That in so acting, Defendants, Police Officers KATE SIMON and RYAN GLASSER, THE CITY OF NEW YORK and DEPARTMENT OF POLICE OF THE CITY OF NEW YORK, abused their power and authority as officers of the New York City Police Department under the color or State and/or local law.

26. That upon information and belief, Defendant CITY had a policy and/or custom of arresting and detaining individuals despite the lack of probable cause. Thus as a result of the above described policies and customs, LINO TEXIDOR was arrested despite the lack of probable cause. Thus, as a result of the above described policies and customs, LINO TEXIDOR was arrested despite the fact that he had violated no criminal statutes or ordinances.

27. That upon information and belief it was the policy and/or custom of Defendant CITY to inadequately hire, train, supervise, discipline and/or terminate its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

28. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

29. That the above described policies and customs demonstrates a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff LINO TEXIDOR's rights alleged herein.

30. That by reason of the foregoing, Plaintiff LINO TEXIDOR suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI.  SECOND CAUSE OF ACTION

31. Paragraphs "1" through "30" are hereby realleged and incorporated by reference herein.

32. That Defendants, with malicious intent, arrested LINO TEXIDOR and initiated a criminal proceeding despite the knowledge that he had committed no crime.

**WHEREFORE**, LINO TEXIDOR respectfully requests that judgement be entered:

a. Awarding LINO TEXIDOR compensatory damages in a full and fair sum to be determined by a jury; and

b.  Awarding LINO TEXIDOR punitive damages in an amount to be determined by a jury; and

c.  Awarding LINO TEXIDOR interest from the date of the unlawful imprisonment; and

d.  Awarding LINO TEXIDOR reasonable attorneys fees pursuant to 42 U.S.C. Section 1988;

e.  Granting such other and further relief as to this Court seems proper.

Dated: New York, New York
October 27, 2017

Yours etc.

_____
DAVID KRAVETZ
Attorney for Plaintiff
420 Lexington Avenue
New York, NY 10170
(212) 213-3930

## VERIFICATION

STATE OF NEW YORK   )
                                     ) SS.:
COUNTY OF Queens   )

I, LINO TEXIDOR, being duly sworn, deposes and says: I am the Plaintiff in the within action. I have read the foregoing SUMMONS IN A CIVIL ACTION AND COMPLAINT and know the contents thereof; the same is true to our own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters we believe it to be true.

Dated: New York, New York
October 27, 2017

_____
LINO TEXIDOR

Sworn to before me this
9 day of ~~October~~ NOVEMBER, 2017

_____
NOTARY PUBLIC

LUZ A ROJAS
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY
LIC. # 01RO6364725
COMM. EXP. 09/18/2021

Civil Case No. 1:18-CV-1581

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

LINO TEXIDOR

                            *Plaintiff,*

-against-

THE CITY OF NEW YORK, DEPARTMENT OF POLICE
OF THE CITY OF NEW YORK, KATE SIMON and
RYAN GLASSER,

                            Defendant,

**SUMMONS IN A CIVIL ACTION and COMPLAINT**

DAVID KRAVETZ
Attorney for Plaintiff
420 Lexington Avenue
New York, NY 10170
(212) 213-3930